IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANGELA K. COLEMAN, #114299**                                                                **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 1:07CV1193HSO-JMR**

**STATE OF MISSISSIPPI**                                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before This Court on the Respondent's Motion [5-1] to Dismiss pursuant to § 2244(d).  To date, the Petitioner has failed to respond to Respondents' Motion [5-1], which was filed on December 10, 2007.  Having considered the Respondents' Motion [5-1], along with the entire record and the applicable law, this Court finds that Respondents' Motion [5-1] is well-taken and should be granted.  Accordingly, Coleman's petition in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

On August 1, 2005, Petitioner Angela K. Coleman ("Coleman") pled guilty to one count of the transfer of a controlled substance in the First Judicial District of the Circuit Court of Harrison County, Mississippi.  *See* Order attached as Exhibit "B" to Respondents' Motion to Dismiss Pursuant to § 2244(d).  On August 8, 2005, Coleman was sentenced to ten (10) years, in the custody of the Mississippi Department of Corrections, with nine (9) years suspended and three (3) years of post-release supervision.  *See* Sentencing Order attached as Exhibit "C" to Respondents' Motion to Dismiss Pursuant to § 2244(d).  Coleman violated the terms of her probation set out in the August 8, 2005 order, and the trial court revoked her suspended sentence on  April 10, 2006, requiring Coleman to serve the full ten (10) years of her sentence in the

custody of the Mississippi Department of Corrections, with credit for time served.  *See* Order attached as Exhibit "D" to Respondents' Motion to Dismiss Pursuant to § 2244(d).  On November 10, 2006, proceeding *pro se*, Coleman filed a Motion for Post-Conviction Relief in the Circuit Court of Harrison County.  *See* Petitioner's Motion for Post-Conviction Relief attached as Exhibit "E" to Respondents' Motion to Dismiss Pursuant to § 2244(d).  On January 10, 2007, the trial court denied her Petition for Post-Conviction Relief.  *See* Order attached as Exhibit "F" to Respondents' Motion to Dismiss Pursuant to § 2244(d).  Coleman did not appeal the trial court's order denying post-conviction relief, and the deadline for the appeal to the Mississippi Supreme Court expired on February 9, 2007.  *See* M.R.A.P. 4(a).  Coleman concurrently filed a Motion *in forma pauperis* [2] with her Petition for Writ of Habeas Corpus [1] with This Court on November 13, 2007.  However, while her Motion *in forma pauperis* [2] was dated October 15, 2007, it appears that she erroneously dated her Petition for Writ of Habeas Corpus[1] March 17, 2006, a date prior to her probation revocation.[1]

## ANALYSIS

The Respondents argue that Coleman's Habeas petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA.  A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  However, the one-year statute of limitations is subject to tolling

---

[1]There were numerous errors in the filing from Coleman's misunderstanding the questions.  It appears that Coleman put the date of the offense that led to the revocation of her probation rather than the date that she signed the Petition.

for the period when a properly filed motion for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

Coleman's probation was revoked on April 10, 2006, and she was committed to the custody of the Mississippi Department of Corrections. According to Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Rogers v. State* 829 So. 2d 1287, 1288 (Miss. App. 2002); *Beasley v. State*, 795 So.2d 539, 540 (Miss. 2001); *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980). Therefore the statute of limitations began running from the date of the revocation on April 10, 2006. Respondents concede that Coleman is entitled to tolling while the Petition for Post-Conviction Relief was pending in Harrison County Courts. The Petition was filed on November 10, 2006 and subsequently denied on January 10, 2007, tolling the limitations period for a period of sixty-one (61) days. The tolling pushed her filing date back to June 11, 2007.

According to the mailbox rule, a petitioner's *pro se* federal habeas petition is deemed filed on the date the petitioner delivers the petition to prison officials for mailing to the court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). In the instant case, Coleman filed her petition sometime between the date the Motion for *in forma pauperis* was signed on October 15, 2007, and the date it was received and stamped as "filed" in the district court on November 13, 2007. Thus, the earliest Coleman "filed" her petition was October 15, 2007, some one-hundred twenty-six days past the June 11, 2007 deadline for filing her federal habeas petition. Coleman's failure to file her Petition within the statutory deadline warrants dismissal of the Petition. Additionally, Coleman fails to cite any rare or exceptional circumstances which would allow her to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174. F.3d 710 (5th Cir. 1999). Equitable tolling applies

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting her rights.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  As noted above, Coleman has failed to respond to the Respondents' Motion [5-1] to Dismiss; therefore, she has failed to present any argument that would support equitable tolling.  Coleman's Petition is therefore barred by § 2244(d).

## CONCLUSION

Coleman's conviction became final on April 10, 2006 when her probation was revoked.  Thereafter, she had one year plus sixty-one (61) days or until June 11, 2007 to file a federal petition for a writ of habeas corpus.  At the earliest, Coleman filed her federal habeas petition on October 15, 2007, some one-hundred twenty-six days past the June 11, 2007 deadline.  To date, Coleman has failed to respond to the Respondents' Motion [5-1] to Dismiss.  Thus, This Court finds that Coleman is entitled to neither statutory nor equitable tolling.  It is the recommendation of This Court that Coleman's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. §2244(d).

In accordance with the Rules of this Court, any party, within ten (10) days after being served with a copy of this recommendation may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

  THIS the   15th   day of May, 2008.


                   s/John M. Roper
              CHIEF UNITED STATES MAGISTRATE JUDGE